UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHONG DA WU,

    *Petitioner*,

v.                                                                    Case No. 3:26-cv-272-JEP-LLL

WARDEN, FLORIDA BAKER
CORRECTIONAL INSTITUTE, et al.,

    *Respondents*.

_____/

## <u>ORDER</u>

Through counsel, Petitioner, an immigration detainee at Baker Correctional Institute, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on February 10, 2026. (Doc. 1). Petitioner argues that his prolonged detention violates the Fifth Amendment's Due Process Clause as the Supreme Court construed it in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See* Doc. 1 at 5-6). He asks the Court, in part, to order his release. (*Id.* at 6 ("He must be conditionally released since there is no significant likelihood of removal in the reasonably foreseeable future[.]")).

The Federal Respondents (Secretary Kristi Noem, Pamela Bondi, and Garrett J. Ripa) filed a response in opposition to the petition. (Doc. 13). According to the Federal Respondents, "the People's Republic of China has

verified Petitioner's nationality, travel documents can now be issued by the Embassy, and the Petitioner is tentatively scheduled for a removal flight during the week of March 23, 202[6]." (Doc. 13 at 11; *see* Doc. 13-1 at 4).

On March 26, 2026, Petitioner filed an emergency motion requesting the Court issue a decision on the merits of the petition. (Doc. 16). According to Petitioner:

> [T]he government has notified him of their intent to move him from their facility that bears the jurisdiction of this court. Petitioner has also informed counsel through family that the government has not secured travel document from the government of China nor a passport for travel purposes. Removal from the jurisdiction may preempt the jurisdiction of the court if the place or venue where petitioner is being changed to a location more convenient to the government.

(*Id.* at 1). He also asserts that he "does not have a passport, or valid travel documents, and China must agree to accept [him] back into the [c]ountry." (*Id.* at 2).

One of Petitioner's main concerns appears to be that he may be transferred out of this Court's jurisdiction before the Court can issue a ruling on the merits of the petition. However, because Petitioner was detained within the Middle District of Florida when he filed this case, this Court would retain jurisdiction even if he is transferred. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court

retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see, e.g., Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided.").

Upon review of the file, the Court finds no justification to issue an emergency ruling on the petition. Given the Federal Respondents' representation that Petitioner is tentatively scheduled for removal this week, the Court will require the Federal Respondents to update the Court on Petitioner's status next week.

Accordingly, it is **ORDERED**:

1. Petitioner's Emergency Motion Requesting Decision (Doc. 16) is **DENIED**.

2. By **March 31, 2026**, the Federal Respondents shall either file (1) a notice that Petitioner has been removed from the United States; or (2) if he has not been removed, a supplemental response updating the Court on the status of their removal efforts and addressing whether

3

there is a significant likelihood of removal in the reasonably foreseeable future.

3. By **April 13, 2026**, if Petitioner has not been removed from the United States, he shall file a reply.

**DONE AND ORDERED** in Jacksonville, Florida on March 26, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

4